

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 9, 1971

Honorable Bob Bullock
Secretary of State
State of Texas
Capitol
Austin, Texas 78711

Dear Mr. Bullock:

Opinion No. M-994

Re: May the Secretary of State issue a certificate of authority to conduct an auto club service business, which association will contract to pay certain losses under specified circumstances?

Your immediate predecessor in office has requested an Attorney General's opinion concerning the captioned matter. His request states, in part, the following:

"Should the Secretary of State issue a Certificate of Authority to conduct an automobile club service business when the services are stated to be,

"(a) The Association will seek out knowledgable insurance agents who sell policies deemed by your association trustees to be most beneficial to its members and will encourage said agents to solicit OCAW members, explain automobile insurance and advise members on their insurance programs. The Association itself will not solicit, promote, advertise, or process any insurance policy or application;

"(b) The Association will collect and hold membership fees for you which will be available to you to draw upon to reimburse an insurance carrier the amount of any deductible it pays out in settlement of claims under a policy of deductible automobile insurance, and to pay the increased cost of insurance when a policy must be obtained at higher than normal rates promulgated by the State Board of Insurance;

"(c) The Association will loan or advance money to you for the above purposes when the amount held for your account is insufficient;

"and when the membership fee is variable from $9.00 to $150.00."

-4847-

The request further states "It is not clear whether the services to members and the variable membership fees. . .are authorized by Article 1528d, Vernon's Annotated Texas Statutes."

Article 1528d, Vernon's Civil Statutes, entitled Automobile Club Services Act, reads, in part, as follows:

"Sec. 2. (a)

"'Automobile Club' shall mean any person who in consideration of dues, assessments, or periodic payments of money, promises its members or subscribers to assist them in matters relating to travel and the operation, use or maintenance of a motor vehicle in the supplying of services which by way of illustration and not by way of limitation may include such services as community traffic safety service, travel and touring service, theft or reward service, map service, touring service, emergency road service, bail bond service and legal fee reimbursement service in the defense of traffic offenses, and the purchase of accidental injury and death benefits insurance coverage from a duly authorized insurance company.

"(b) 'Person' shall mean any person, firm, partnership, corporation or association which conducts an Automobile Club Service business in this State." (Emphasis added)

". . .

"Sec. 8. (a)

"Automobile Clubs operating hereunder shall make no reference to their certificate of authority or approval from the Secretary of State in any advertising, circular, contract or membership card nor shall such Automobile Clubs advertise or describe their services in such a manner as would lead the public to believe such services include automobile insurance.

". . . ."

Paragraph (b) of the request letter and the documents attached thereto disclose that the association will include in its charter the power "to collect and hold membership fees" which will be available to the member to draw upon "to reimburse an insurance carrier the amount of any deductible it pays out in settlement of claims under a policy of deductible automobile insurance". The association also obligates itself to honor the member's draft in an amount sufficient to cover the increased cost of insurance when or if the member is placed in a high risk category. The amount of the membership fee may vary from $9.00 to $150.00, "depending on the location and use of the member's automobile, the age, sex, and driving record of the driver and other relevant data". No provision is made for the return of the membership fees to the member upon termination of his membership, and it is apparent that such fees are retained by the association.

Our opinion is that paragraph (b) of the above quoted charter provisions, if approved by the State, would authorize the association to do business as an insurance carrier without a certificate of authority, in violation of Article 1.14 of the Texas Insurance Code, and that the club is not authorized by Article 1528d to engage in the insurance business.

An insurance contract arises when, for a stipulated consideration, whether called a premium or a fee or something else, one party undertakes to compensate another party for loss on a specified subject by a specified peril or contingency. Attorney General's Opinions Nos. 0-4620 (1942) and WW 1475 (1962), and authorities discussed therein. When the association, in consideration of a membership fee, obligates itself to honor the member's draft for the amount of a deductible, which otherwise would be lost by the member, in the event of a collision, the association is engaging in the insurance business. The fact that the member draws on the association to reimburse another insurance carrier, who in turn adds the same amount to the insurance benefits which it pays the member, does not affect the results. In other words, the circuitous manner by which the benefits are paid by the association does not render it any less an insurer. Likewise, the association is engaging in the insurance business when it obligates itself to pay the increased cost of insurance when or if the member is placed in a high risk category.

For the foregoing reasons, it is the opinion of this office that the services to be provided to its members by the association in question would render the association an insurer, in violation of Article 1.14 of the Texas Insurance Code and that such a club is not authorized by Article 1528d to render such services.

Regarding the variable membership fee, our opinion is that no vice is inherent in such variable fees, since the Automobile Club Service Act does not require that fees be uniform. However, it is clear that the reason for the variation in fees grows out of the variation in risks which the club, operating as an insurer, assumes by reason of the contract with the member. In a case where an automobile club operates in keeping with the statutes above mentioned there is no reason why it could not charge a different fee for a different service, but insurance is not an authorized service of such clubs.

## SUMMARY

No certificate of authority should be issued by the Secretary of State to an automobile club whose services constitute an insurance business under the facts presented, but variable membership fees may be charged for legally authorized services under Article 1528d, V.C.S.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ralph Rash
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Harold Kennedy
John Banks
Ben Harrison
Houghton Brownlee

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant